# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-00013-TBR

AMERICAN TAX FUNDING, LLC,                          Plaintiff,

v.

MICHAEL J. GREEN, *et al.*,                             Defendants.

## MEMORANDUM OPINION AND ORDER

### I.

A telephonic status conference was held on March 11, 2016.

Appearing by Telephone:

    For the Plaintiff:    James D. Ballinger
    For the Defendant:    Michael J. Green, *pro se*

Terri Turner, Official Court Reporter, transcribed the proceedings.

### II.

In 2008, American Tax Funding, LLC filed this action, styled *American Tax Funding, LLC v. Green*, Case No. 08-CI-010349, in state court against Michael J. Green, asserting its right to payment as the assignee of various state and local tax claims. *See* R. 6-8 at 18–19, ¶¶ 1–5 (Complaint). The Jefferson County Circuit Court entered summary judgment in American Tax Funding's favor on October 29, 2013, and ordered Green's property to be sold in satisfaction of that judgment. *See* R. 6-7 at 4–7 (Judgment and Order of Sale). Subsequently, in 2016, Green removed that action to this Court under 28 U.S.C. § 1441. *See* R. 1 at 1–3 (Notice of Removal).[1]

---

[1] Michael J. Green filed a notice of removal on January 6, 2016. *See* R. 1 at 1–3 (Notice of Removal). Almost two weeks later, however, Green filed a self-styled "notion of removal" too. *See* R. 5 at 1–2 (Notion of Removal). In response to the Court's inquiries during the telephonic status conference

**A.**

28 U.S.C. § 1441 authorizes defendants "to remove 'civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court.'" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005)). Accordingly, this Court must remand any action over which it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007); *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 406 (6th Cir. 2007). Generally speaking, subject matter jurisdiction comes in two flavors: diversity jurisdiction, *see* 28 U.S.C. § 1332, and federal question jurisdiction, *see* 28 U.S.C. § 1331. Green bears the burden of "establishing federal subject matter jurisdiction," *Vill. of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)), and any doubts as to the propriety of removal must be resolved against him, *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) *abrogated on other grounds by Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

**B.**

Here, the Court lacks diversity jurisdiction. *See* 28 U.S.C. § 1332. A limited liability company, such as American Tax Funding, holds the citizenship of each of its members. *See Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732–33 (6th Cir. 2002)). Green's notice of removal does not allege the citizenship of American Fax

---

referenced above, Green said that this latter filing was merely meant to bring his original notice of removal to the Court's attention.

Funding's members. *See generally* R. 1 at 1–3. Without such information, Green's notice of removal does not implicate this Court's diversity jurisdiction.[2]

Nor does the Court possess federal question jurisdiction. Under the well-pleaded complaint rule, the Court "looks only to the plaintiff's complaint" to determine if "a claim arises under federal law." *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). "If the complaint relies only on state law, the [Court] generally lacks subject matter jurisdiction and the action is not removable." *Id.* No part of American Tax Funding's complaint recites or relies on federal law. *See generally* R. 6-8 at 18–24. Accordingly, the Court lacks federal question jurisdiction too.[3]

### III.

**IT IS HEREBY ORDERED** that the Clerk of the Court is **DIRECTED** to **TERMINATE** James D. Ballinger as Defendant and to **RESTYLE** this matter as *American Tax Funding, LLC v. Michael J. Green, et al.*, as reflected in the complaint filed in Jefferson County Circuit Court, Division Seven. *See* R. 6-8 at 16–18.

**IT IS FURTHER ORDEERED** that, pursuant to 28 U.S.C. § 1447(c), the action styled *American Tax Funding, LLC v. Green*, Case No. 08-CI-010349, is **REMANDED** to Jefferson County Circuit Court, Division Seven.

---

[2] In any event, the forum-defendant rule bars removal based on diversity because Green is a citizen of Kentucky, the state in which American Tax Funding filed this action. *See* 28 U.S.C. § 1441(b)(2); *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 968 (N.D. Ohio 2009) (citing *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 869 (N.D. Ohio 2008)).

[3] Regardless, the Jefferson County Circuit Court has issued a judgment in this action. *See* R. 6-7 at 4–7 (Judgement and Order of Sale). Under the *Rooker–Feldman* doctrine, this Court "may not hear an appeal of a case already litigated in state court." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995); *see also Roch v. Humane Soc'y of Bedford Cty., Tenn., Inc.*, 134 F. App'x 68, 71 (6th Cir. 2005); *Edem v. Spitzer*, 204 F. App'x 95, 96–97 (2d Cir. 2006).

4

**IT IS SO ORDERED.**

Date:

cc: Defendant, *pro se*
Counsel of Record

```
P|35
```

4